UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. INGRASSIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 4:14-CV-470 CAS |
| KEITH SCHAFER, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, a civil detainee at the Sex Offender Rehabilitation and Treatment Service ("SORTS") in Farmington, Missouri, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He names approximately 108 persons as defendants in this action. Most of the defendants are identified as current employees of SORTS or administrators of the Missouri Department of Mental Health.

In his complaint, plaintiff alleges that between the time periods of March 2010 and August 2011, defendants performed or allowed to be performed, chemical or manual restraints against him which resulted in his unlawful "seclusion" under a "cruel and unusual" behavioral

plan, put in place by the psychiatrist at SORTS, Dr. Englehart.

Mr. Ingrassia is no stranger to our Court, presently having two open cases in this District.[1] In Ingrassia v. Schafer, 4:11CV2062 AGF (E.D. Mo. 2011), plaintiff is currently litigating claims startlingly similar to those he brings in the instant case. In that case, Mr. Ingrassia alleges civil rights violations occurring from August 2008 through October 2011, which includes all times alleged in the instant complaint. Further, in that case, as part of his claims of excessive force and deliberate indifference to his serious medical needs (against many of the same defendants as those in this action), plaintiff claims that due to the "unlawful behavioral plan" put in place by Dr. Englehart, the other defendants have freely used chemical and manual restraints against him and placed him in seclusion. The issues in that case are currently under submission before Judge Fleissig on motions brought by defendants for summary judgment, and she will no doubt review the factual and legal record regarding these issues prior to making a decision on the pending motions. Thus, there is no reason for plaintiff to bring a separate lawsuit on this matter before another Judge in this District.

## Discussion

The allegations in the complaint alleging excessive force and violation of plaintiff's rights under the Fourteenth Amendment are duplicative of the allegations plaintiff is currently litigating in Ingrassia v. Schafer, 4:11CV2062 AGF (E.D. Mo. 2011). Plaintiff's allegations are directly related to issues pending in his action with Judge Fleissig. As a result, these allegations of the complaint will be dismissed as duplicative. See Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993).

---

[1] In Ingrassia v. Schafer, 4:12CV62 JCH (E.D. Mo. 2012), counsel for defendants is currently appealing, on an interlocutory basis, the denial of their motion for summary judgment. In that case, plaintiff claims that defendants have denied him adequate food and nutrition in violation of the 14th Amendment.

To the extent plaintiff alleges violations of his First Amendment rights, these allegations are entirely conclusory. See Compl. ¶ 126. "Civil rights pleadings should be construed liberally. At the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). Plaintiff's allegations brought pursuant to the First Amendment will be dismissed as frivolous because the complaint fails to allege any facts, which if proved, would afford a basis for the granting of relief. Iqbal, 129 S. Ct. at 1949.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on the instant complaint. Plaintiff's allegations regarding excessive force and violations of his Fourteenth Amendment rights are duplicative of a case currently before this Court. See Ingrassia v. Schafer, 4:11CV2062 AGF (E.D. Mo. 2011). Plaintiff's allegations regarding his First Amendment rights are frivolous. The instant case will be **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915.

A separate Order of Dismissal will accompany this Memorandum and Order.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of April, 2014.